CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
12/28/2017
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 5:17-cv-00120 |
| DAVID MICHAEL WILLIAMS, *et al.*, | ) ) | By: Elizabeth K. Dillon United States District Judge |
| Defendant. | ) ) | |

**ORDER GRANTING MOTION TO APPOINT A GUARDIAN AD LITEM**

Pending before the court is plaintiff's motion for the appointment of a guardian ad litem to represent the interests of defendant David Michael Williams in this case. (Dkt. No. 4.) For the reasons below, the motion to appoint a guardian ad litem is GRANTED.

It is alleged that, on October 31, 2016, David Michael Williams pleaded guilty before the Circuit Court for Rappahannock County, Virginia, to the felony of reckless handling of a firearm on December 15, 2015, under Section 18.2-56.1 of the Code of Virginia, and to the felony homicide of Brittney Danielle Koster under Section 18.2-33 of the Code of Virginia.[1]  Williams' conduct that caused the death of Brittney Koster occurred on premises insured by a Nationwide Insurance policy. The policy was issued to Michael R. Williams, the father of David Michael Williams, as the named insured.

Tina Koster, in her capacity as the Administrator of the Estate and Personal Representative of Brittney Koster, filed a complaint in the Circuit Court for Warren County, Virginia, on September 14, 2017, seeking compensatory damages against David Michael

---

[1] The facts included herein are based on allegations in the complaint. (Dkt. No. 1.) They are assumed to be true for purposes of this motion only.

Williams in the amount of four million dollars and punitive damages in the amount of five hundred thousand dollars.  On September 25, 2017, Nationwide Mutual Fire Insurance Company (Nationwide) first received notice of the events described in the *Koster v. Williams* civil action filed on September 14, 2017.

On December 21, 2017, Nationwide filed the instant declaratory judgment action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]  Nationwide asks this court to determine that it has no obligation to provide insurance coverage or benefits to or for the defendants, or to pay any judgments, settlements, or claims arising out of the events of December 15, 2015.

David Michael Williams' capacity to sue or be sued is determined by the law of the Virginia.  *See* Fed. R. Civ. P. 15(b).  Section 8.01-2 of the Code of Virginia includes in its definition of "person under a disability," "a person convicted of a felony during the period he is confined."  Under Section 8.01-297 of the Code of Virginia, "In all actions against one who has been convicted of a felony and is confined in a local or regional jail or State correctional institution, process shall be served on such convict and, subject to 8.01-9,[3] a guardian ad litem shall be appointed for him."

In accordance with these authorities, the court GRANTS Nationwide's motion to appoint a guardian ad litem.  Nationwide shall file a proposed order consistent with this opinion that 1)

---

[2] Nationwide asserts that 1) it is an Ohio corporation with its principal place of business in Ohio; 2) David Michael Williams is a resident of Virginia who is incarcerated in Virginia; 3) Michael R. Williams is a resident of Virginia; and 4) Tina Koster is a resident of Virginia.  (Dkt. No. 4.)

[3] Section 8.01-9 of the Code of Virginia provides, in pertinent part: "A suit wherein a person under a disability is a party defendant shall not be stayed because of such disability, but the court in which the suit is pending, or the clerk thereof, shall appoint a discreet and competent attorney-at-law as guardian ad litem to such defendant, whether the defendant has been served with process or not.  If no such attorney is found willing to act, the court shall appoint some other discreet and proper person as guardian ad litem."  But  "in any suit wherein a person under a disability is a party and is represented by an attorney-at-law duly licensed to practice in this Commonwealth, who shall have entered of record an appearance for such person, no guardian ad litem need be appointed for such person unless the court determines that the interests of justice require such appointment . . . ." *Id.*

names an individual who is willing and able to undertake such an appointment, and 2) indicates how the guardian ad litem is to be compensated.

    The clerk is directed to send copies of this order to all counsel of record and to Tina Koster, David Michael Williams, and Michael R. Williams at the addresses listed in the electronic summons. (Dkt. No. 3.)

    Entered: December 28, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge